# EXHIBIT A

RECEIVED AIC 05/22/2019



# COMMONWEALTH OF MASSACHUSETTS
## Office of Consumer Affairs and Business Regulation
### DIVISION OF INSURANCE

1000 Washington Street • Suite 810 • Boston, MA 02118-6200
(617) 521-7794 • FAX (617) 521-7475
http://www.mass.gov/doi

CHARLES D. BAKER
GOVERNOR

KARYN E. POLITO
LIEUTENANT GOVERNOR

MIKE KENNEALY
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

EDWARD A. PALLESCHI
UNDERSECRETARY

GARY D. ANDERSON
COMMISSIONER OF INSURANCE

RECEIVED
MAY 20 2019
ACADIA INSURANCE CO.

May 14, 2019

ACADIA INSURANCE COMPANY
Attn: Jim Coderre
290 J. Lynch Boulevard
Marlborough, MA 01752

**Re: Service of Process**

Dear Mr. Coderre:

Enclosed you will find legal process which was served upon the Commissioner of Insurance, in his capacity as attorney and registered agent for, Service of Process* for a foreign insurance company, as provided for in Massachusetts General Laws, Chapter 175, §151(3) and §154.

\* **Please note:** All future inquiry or correspondence should be directed to the attention of the attorney of record of the enclosed documents.

Sincerely,

*Stacy Siegan*

Stacy Siegan
Assistant to the General Counsel
(617) 521-7310

Enclosure(s)

RECEIVED AIC 05/22/2019

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1981CV01282

AD Manfred, LLC , PLAINTIFF(S),

V.

Acadia Insurance Company , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Acadia Insurance Company . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, Middlesex, 200 Trade Center, Woburn (address), by mail or in person, **AND**
   MA 01801

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Law Offices of William T. Kennedy, P.C., 21 McGrath Highway, Suite 404, Quincy, MA 02169 .

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _May 13_, 20_19_.

_[signature]_

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _May 14_, 20_19_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_By First Class Mail to Acadia Insurance Company at 290 J. Lynch Boulevard, Marlborough, MA 01752_

Dated: _5/14/19_, 20___   Signature: _[signature]_
STACY SIEFAN

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| RECEIVED MAY 1 4 2019 DIVISION OF INSURANCE LEGAL DIVISION | , 20___ |

RECEIVED AIC 05/22/2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): AD Manfred, LLC | COUNTY Middlesex |
|---|---|
| ADDRESS: 12 Wickham Road | |
| Winchester, MA | DEFENDANT(S): Acadia Insurance Company |

| ATTORNEY: William T. Kennedy, Esq., Law Offices of William T. Kennedy | |
|---|---|
| ADDRESS: 21 McGrath Highway, Suite 404 | ADDRESS: |
| Quincy, MA 02169 | |

BBO: 268420

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Breach of Contract | F | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [X] YES  [ ] NO
Is this a class action under Mass. R. Civ. P. 23?   [ ] YES  [X] NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........................................................... $_____
  2. Total doctor expenses ........................................................... $_____
  3. Total chiropractic expenses .................................................... $_____
  4. Total physical therapy expenses ............................................. $_____
  5. Total other expenses (describe below) ................................... $_____
                                                         Subtotal (A): $_____

B. Documented lost wages and compensation to date ............................ $_____
C. Documented property damages to date ............................................. $_____
D. Reasonably anticipated future medical and hospital expenses ............ $_____
E. Reasonably anticipated lost wages ..................................................... $_____
F. Other documented items of damages (describe below) ..................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                         TOTAL (A-F): $_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
                                                         TOTAL: $ 250,000+
                    SEE ATTACHED

Signature of Attorney/ Unrepresented Plaintiff: X                    Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X                    Date:

The Plaintiff is the owner of a dwelling in Woburn, Massachusetts and obtained a policy to cover the dwelling in the course of renovation with the Defendant insurer. While the Plaintiff was in the course of renovation, on or about January 5, 2019 a collapse loss occurred to the subject property which was otherwise a covered loss under the terms and conditions of the policy of insurance. The Defendant insurer sent out a representative to evaluate the loss and then on February 1, 2019 denied the loss. The Defendant insurer made reference to an engineering evaluation that it had done in evaluating the loss. Despite the Plaintiff's request for a copy of that engineering evaluation to properly assess the denial, the Defendant refused to provide a copy. The Plaintiff has suffered loss estimated in excess of $250,000 for which payment would otherwise be due along with other damages and consequential loss as against the Defendant. The Plaintiff is making a claim for breach of contract, breach of the implied obligation of good faith and fair dealing, negligence and violation of Chapters 93A and 176D for the unfair and deceptive claims practices employed by the Defendant.

RECEIVED AIC 05/22/2019

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1981CV01282 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: AD Manfred, LLC vs. Acadia Insurance Company | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: William Thomas Kennedy, Esq. Law Offices of William T. Kennedy, P.C. 21 McGrath Highway Suite 404 Quincy, MA 02169-5311 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                           DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/05/2019 | |
| Response to the complaint filed (also see MRCP 12) | | 09/03/2019 | |
| All motions under MRCP 12, 19, and 20 | 09/03/2019 | 10/03/2019 | 11/04/2019 |
| All motions under MRCP 15 | 09/03/2019 | 10/03/2019 | 11/04/2019 |
| All discovery requests and depositions served and non-expert depositions completed | 03/02/2020 | | |
| All motions under MRCP 56 | 03/31/2020 | 04/30/2020 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/28/2020 |
| Case shall be resolved and judgment shall issue by | | | 05/05/2021 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

#19-2-K

RECEIVED MAY 09 2019 BY:_____

| DATE ISSUED 05/06/2019 | ASSISTANT CLERK Maria Pantos | PHONE (781)939-2781 |
|---|---|---|

Date/Time Printed: 05-06-2019 16:09:16                                SCV026\ 08/2018

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                    SUPERIOR COURT DEPARTMENT
                                  CIVIL ACTION NO.

| | |
|---|---|
| AD MANFRED, LLC,<br>          Plaintiff | |
| v. | **COMPLAINT AND JURY DEMAND** |
| ACADIA INSURANCE COMPANY,<br>          Defendant | |

### PARTIES

1. The Plaintiff, AD Manfred, LLC (hereinafter "Plaintiff" or "AD Manfred") is a domestic limited liability corporation with a principal place of business at 12 Wickham Road, Winchester, Massachusetts. At all relevant times, the Plaintiff owned the property at 156 Burlington Street, Woburn, Massachusetts (the "Subject Property").

2. The Defendant, Acadia Insurance Company (hereinafter "Defendant" or "Acadia"), is an insurance company licensed to do business in the Commonwealth of Massachusetts that has a principal place of business in Westbrook, Maine, but that sues and can be sued in Middlesex County, Massachusetts.

### GENERAL ALLEGATIONS

3. The Plaintiff on or about January 2018 obtained, for valid consideration, insurance policy No. 5337182 (hereinafter "the Policy") with Defendant Acadia. The Policy

1

was in effect from January 25, 2018, through January 25, 2019. A copy of the Policy is attached hereto as **Exhibit A** and is incorporated by reference herein.

4. The Policy was a builder's risk policy that covered direct physical damage due to collapse of existing structures if the collapse was caused by hidden decay, hidden insect or vermin damage, weight of people or personal property, weight of rain that collects on a roof, or use of defective materials.

5. The Policy had limits of insurance of $50,000 for building materials and $200,000 for existing buildings as well as other coverages and benefits.

6. All required premiums due under the Policy during the time material thereto had been promptly paid by or on behalf of the Plaintiffs with regard to the Policy on the Subject Property.

7. On or about January 5, 2019, the existing building on the Subject Property suffered a collapse loss (the "Subject Loss").

8. The Subject Property consisted of a building that was approximately 120 years old at the time of the Subject Loss, and had a stone foundation.

9. After purchasing the Subject Property, the Plaintiff began renovations.

10. As a result of the weight of persons and property and/or insect infestation and/or hidden decay and/or "dry rot," and/or other covered causes of loss, the Subject Loss occurred.

11. At the time of the Subject Loss, the sill plate at the Subject Property was sagging, which was caused by insect infestation and/or hidden decay and/or "dry rot." This condition was unknown to the Plaintiff prior to the Subject Loss.

2

12. The Subject Loss caused the Plaintiff damages in excess of $250,000.

13. After the Subject Loss, the Plaintiff timely made a claim to Acadia under the Policy. The Plaintiff has complied with all Policy conditions precedent to recovery.

14. The Subject Loss is a covered loss under the Policy.

15. On February 1, 2019, Acadia sent the Plaintiff a letter refusing to provide coverage for the Subject Loss. The letter claimed that "the cause of the foundation failure was settlement of the foundation walls, perhaps due to prior owner activity involving excavation of the soil in the basement in preparation or installing a new concrete floor. The settlement combined with the pressure of retained earth outside of the basement pushing the walls in, caused the foundation failure."

16. In subsequent communications, Acadia has stated that its determination that the Subject Loss was not a covered loss was based on an engineer's report that supported Acadia's conclusion, which was based on an inspection of the Subject Property conducted after the Subject Loss but before Acadia's February 1, 2019, denial.

17. Despite repeated requests, Acadia has refused to produce a copy of this alleged engineer's report. Acadia has therefore provided no scientific, engineering, or other objective evidence in support of its conclusion that the Subject Loss was caused by earth movement and/or any other cited excluded cause of loss.

18. In truth and in fact, earth movement was not a cause of the Subject Loss.

19. The Subject Loss is covered under the Policy and the Plaintiff is entitled to be paid for its claim under the terms and conditions of the Policy.

3

20. Acadia has failed and refused to make any payment to the Plaintiff or respond to Plaintiff's claim in a fair and proper manner despite Plaintiff's compliance with the Policy terms and conditions.

21. Acadia has misrepresented the applicable facts and policy provisions to support its wrongful denial of the Plaintiff's claim.

## COUNT I:
## BREACH OF CONTRACT

22. The Plaintiff repeats, restates, and realleges the preceding paragraphs as if the same were repeated and restated herein.

23. At all relevant times, there existed a contract between the Plaintiff and the Defendant to insure the Subject Property against common perils and fortuitous loss including building collapse due to hidden decay or weight of persons or property.

24. The Subject Loss was a building collapse that occurred due to hidden insect damage and/or hidden decay and/or the weight of persons or property and/or other covered causes of loss. The Subject Loss is covered under the Policy and the Defendant has an obligation, under the contract, to pay for it.

25. The Defendant has wrongfully and in bad faith breached the contract by failing to pay and by denying the Plaintiff's claim without conducting a reasonable investigation.

26. The Plaintiff has fully performed its obligations under the Policy and has satisfied all conditions precedent to recovery.

27. Under Massachusetts law, all insurance contracts contain an implied duty of good faith and fair dealing.

4

RECEIVED AIC 05/22/2019

28. The Defendant's refusal to acknowledge liability or to promptly pay the Plaintiff's claim for the Subject Loss or to provide a copy of the engineer's report relied upon is a breach of the implied duty of good faith and fair dealing which is part of all insurance contracts.

29. The Defendant's breaches have been knowing and willful.

30. As result of the Defendant's breaches, the Plaintiff has suffered pecuniary and financial loss, including but not limited to building damage and consequential loss that should be covered under the Policy, loss of use and/or loss of rents and other necessary additional expense and other related loss, all of which are specifically provided for coverage under the Policy, as well as other benefits specified under the Policy. The Plaintiffs has also incurred attorney's fees and other costs in seeking payment and coverage under the Policy.

## COUNT II:
## BREACH OF DUTY - NEGLIGENCE

31. The Plaintiff repeats, restates, and realleges the preceding paragraphs as if the same were repeated and restated herein.

32. The Defendant, through its agents and representatives, advised and represented to the Plaintiff and its agents that the Defendant was knowledgeable and skilled in the field of insurance and could adequately provide proper insurance coverage for the needs as expressed by the Plaintiff, as well as to adequately and properly respond to claims arising under insurance policies. In making such representations, the Defendant knew and intended that the Plaintiff would be relying on the Defendant's advice and representations.

5

33. The Defendant has a duty, as an insurance company, to its insured – the Plaintiff – to properly investigate and adjust any claims presented under the Policy and to pay any such claims where coverage exists.

34. The Defendant breached its duty to the Plaintiff by failing to properly evaluate, investigate, adjust, properly communicate with the Plaintiff, and/or pay a loss and claim that was properly presented under the Policy and for which coverage under the Policy exists.

35. As result of the Defendant's negligence and breaches of duty, the Plaintiff has suffered pecuniary and financial loss, including but not limited to building damage and consequential loss that should be covered under the Policy, loss of use and/or loss of rents and other necessary additional expense and other related loss, all of which are specifically provided for coverage under the Policy, as well as other benefits specified under the Policy. The Plaintiffs has also incurred attorney's fees and other costs in seeking payment and coverage under the Policy.

## COUNT III:
## VIOLLATIONS OF M.G.L. c. 93A and c. 176D

36. The Plaintiff repeats, restates, and realleges the preceding paragraphs as if the same were repeated and restated herein.

37. At all relevant times, the Defendant engaged in the business of insurance as defined in M.G.L. c. 176D and provided insurance coverage to the Plaintiff for the property and building located at 12 Wickham Road, Winchester, Massachusetts.

38. The Defendant's liability to the Plaintiff is clear as the Plaintiff has at all times fully cooperated with the Defendant's investigation and with the terms and conditions of the Policy.

39. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(a) by misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

40. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(a) by misrepresenting the Subject Loss as being caused by earth movement (which is not covered) when the Defendant knew or reasonably should have known that the Subject Loss was caused by hidden insect damage and/or hidden decay and/or the weight of people or property or other causes of loss covered.

41. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(d) by refusing to pay claims without conducting a reasonable investigation based upon all available information.

42. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(d) by claiming that the Subject Loss was caused by earth movement when no scientific, engineering, or other objective evidence supports such a conclusion.

43. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(f) by failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

44. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(f) by failing and refusing to pay the Plaintiff's claim for the Subject Loss when it is clear that the Subject Loss is covered under the Policy.

45. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(n) by failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.

46. The Defendant has violated M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9)(n) by failing to provide to the Plaintiff, despite repeated requests, a copy of any engineering report concluding that the Subject Loss was caused by earth movement, despite the Defendant's reliance on the same in denying the Plaintiff's claim.

47. The foregoing violations of M.G.L. c. 93A, §§ 2 and 11 and M.G.L. c. 176D, § 3(9) are unfair or deceptive acts or practices, and violate M.G.L. c. 93A, §§ 2 and 11.

48. The Defendant's violations of M.G.L. c. 176D, § 3(9) and M.G.L. c. 93A, §§ 2 and 11 were knowing and willful.

49. As a direct result of the foregoing violations of M.G.L. c. 176D and c. 93A, §§ 2 and 11, the Plaintiff has incurred damages.

50. As result of the Defendant's violations of M.G.L. c. 176D and c. 93A, §§ 2 and 11, the Plaintiff has suffered pecuniary and financial loss, including but not limited to building damage that should be covered under the Policy, consequential loss, loss of use and/or loss of rents and other necessary additional expense and other related loss, all of which are specifically provided for coverage under the Policy, as well as other benefits

8

specified under the Policy. The Plaintiffs has also incurred attorney's fees and other costs in seeking payment and coverage under the Policy.

## JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,
For the Plaintiff,
AD Manfred, LLC
By its Attorney,

LAW OFFICES OF
WILLIAM T. KENNEDY, P.C.
Attorneys at Law

William T. Kennedy
BBO #268420
21 McGrath Highway, Suite 404
Quincy, MA  02169-5311
(617) 773-7100
wtk@wtkpc.com

Dated: 5-3-19

#16-4-5C
Manfred/complaint

9